# Supreme Court of Kentucky

2021-SC-0527-KB

KENTUCKY BAR ASSOCIATION          MOVANT

V.          IN SUPREME COURT

TONY BRANDON MILLER          RESPONDENT

## ORDER MODIFYING OPINION AND ORDER

The Opinion and Order issued on February 24, 2022, in the above-styled matter, is hereby modified on the Court's own motion to identify a participant in a confidential court proceeding by the participant's initials. This modification does not affect the holding of the Opinion and Order.

ENTERED: February 25, 2022

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2021-SC-0527-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                              IN SUPREME COURT

TONY BRANDON MILLER                                          RESPONDENT

## OPINION AND ORDER

Pursuant to SCR 3.165(1)(a), (b), and (d), the Inquiry Commission of the Kentucky Bar Association (KBA) has petitioned this Court to enter an order temporarily suspending Respondent, Tony Brandon Miller, from the practice of law in the Commonwealth of Kentucky. Miller was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 2014. His KBA number is 96164 and his last known bar roster address is 2331 Midland Trail, Rush, Kentucky 41168.

The Inquiry Commission asserts there is probable cause to believe Miller is or has been misappropriating funds held for others to his own use or has been otherwise improperly dealing with said funds. The Inquiry Commission further asserts probable cause exists to believe Miller's conduct poses a substantial threat of harm to his clients or the public. The Inquiry Commission also asserts there is probable cause to believe Miller is addicted to intoxicants or drugs which deprives him of the physical and mental fitness to

continue to practice law. Miller has not responded to this Court's December 28, 2021, order to show cause why he should not be subject to the requested temporary suspension.

In its petition, the Inquiry Commission sets forth the facts underlying its request for a temporary suspension. On October 22, 2021, the Office of Bar Counsel (OBC) received a bar complaint against Miller filed by his former law partner, Alexander Alan Ferrara, asserting Miller had been taking payment for legal services but failed to deposit the funds into client accounts at the firm or credit the clients for the payments. The complaint further asserted Miller failed to perform legal work for which he had been retained and also missed court appearances because of his use of intoxicants. Attached to the complaint were email communications from one of Miller's clients, M. M., evidencing proof of payment for legal services, payments which were not received by the firm.

On November 16, 2021, the OBC received a complaint from Fayette County District Court Judge John Tackett against Miller. Judge Tackett presides over the Fayette Mental Health Treatment Court. Miller's client M.M. is a participant in that diversionary court but she is represented by different counsel; Miller represented M.M. in connection with several unrelated cases in Fayette Family Court. The Mental Health Treatment Court team discovered Miller contacted M.M. on the website "Only Fans" to solicit and purchase explicit images of M.M. Copies of communications between the two were provided to the team. M.M. informed the team she had consumed "a line of cocaine" with Miller before her court date the following day, Miller had provided

2

her with "a bag of cocaine" which she did not consume, and she and Miller had consumed cocaine at his home during what she thought was to be a meeting regarding her Family Court cases.

Although he was not the attorney of record, Miller appeared the following day by Zoom for M.M. in Mental Health Treatment Court asserting she could not attend due to an illness; M.M.'s hands were visible on-screen during the appearance. Judge Tackett advised Miller it would be in his best interest to say nothing more and informed Miller of the allegations M.M. had levied against him regarding cocaine usage. Judge Tackett also indicated the asserted criminal activities would likely disqualify Miller from any further representation of M.M. Miller ended his participation in the Zoom session rather than responding to Judge Tackett's statements.

The following day, Miller appeared on M.M.'s behalf in Family Court before Judge Libby Messer and again asserted M.M. could not appear due to an illness. Judge Messer, having been made aware of the prior day's proceedings by Judge Tackett, inquired of Miller about the conflict of interest. Miller evidenced no concern over any potential conflict and discounted Judge Tackett's comments as being made "off the cuff." Upon receipt of this information, the Inquiry Commission filed the instant petition.

SCR 3.165(1)(a) permits the Inquiry Commission to petition this Court for an order of temporary suspension if "[i]t appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing

3

with said funds[.]" Further, SCR 3.165(1)(b) permits temporarily suspending an attorney if "[i]t appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public[.]" In addition, SCR 3.165(1)(d) permits temporarily suspending an attorney if "[i]t appears that probable cause exists to believe that an attorney is mentally disabled or is addicted to intoxicants or drugs and probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law." The Inquiry Commission believes the facts set forth above are sufficient to meet this burden in requesting Miller be suspended pending the outcome of the disciplinary proceedings currently underway.

This Court has reviewed the uncontroverted allegations of the Inquiry Commission and agrees probable cause exists to believe Miller is or has been misappropriating funds or has been otherwise improperly dealing with said funds as required by SCR 3.165(1)(a). We further agree a reasonable basis exists to believe Miller's conduct poses a substantial threat of harm to his clients as required by SCR 3.165(1)(b). In addition, we agree probable cause exists to believe Miller is addicted to intoxicants or drugs resulting in a lack of physical or mental fitness to continue practicing law as required by SCR 3.165(1)(d). Consequently, we agree with the Inquiry Commission that Miller's license to practice law should be temporarily suspended pursuant to SCR 3.165(1).

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Tony Brandon Miller is temporarily suspended from the practice of

4

law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

2. Disciplinary proceedings against Miller may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Miller resigns under terms of disbarment;

3. Pursuant to SCR 3.165(5), Miller shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

4. Pursuant to SCR 3.165(6), Miller shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: February 24, 2022.

CHIEF JUSTICE

5